LINCOLN BUILDING CORPORATION, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 27331.)

Court of Claims, March 26, 1945.

**Daniel B. Priest** for claimant.

*Nathaniel L. Goldstein, Attorney-General (Mortimer H. Michaels* of counsel), for defendant.

RYAN, J. Lincoln Forty-Second Street Corporation being in financial difficulties and having defaulted in interest due on its first mortgage bonds, Chase National Bank, as trustee for the bondholders, instituted foreclosure. A receiver of the rents and profits of the premises *pendente lite* was duly appointed by the court. Upon foreclosure sale a bondholders' committee, representing about 95% of those interested and acting on their behalf, was the successful bidder. A plan of reorganization, to which the said 95% of bondholders were parties under a deposit agreement, resulted in the incorporation of this corporate claimant which accepted an offer from the committee which provided, among other things, as follows: " First. To subscribe for, take and pay for forthwith 150,840 shares of the fully paid and non-assessable common capital stock of your Corporation at the price of $1 per share and to pay for the same forthwith in cash; and also to subscribe for, take and pay for at the same price in cash such additional number of said shares of your Corporation as may be equal to 10 shares for each $1,000 principal amount of Certificates of Interest as this Committee may in its discretion receive for deposit under said Plan in excess of the $15,084,000 principal amount of said Certificates of Interest held on deposit under said Plan as at noon July 11, 1933.

" The said stock shall be issued by you forthwith upon payment for the same to James T. Lee, William L. DeBost and Charles F. Batchelder as Voting Trustees under a Voting Trust Agreement to be executed by your Corporation in substantially the form hereto annexed and marked ' Exhibit A ' with such changes therein as the Chairman or Vice-Chairman of this Committee and your Corporation may with advice of counsel agree upon."

Upon such acceptance by claimant and payment by the committee at the rate specified there were issued to the voting trustees 152,135 shares of claimant's capital stock. The cash consideration at the rate of $1 per share was supplied by the

committee out of moneys turned over by the receiver of the rents and profits. After receiving certificates for claimant's capital stock the voting trustees issued their voting trust certificates to the former bondholders, who had deposited their securities with the committee, in proportion to their respective interests.

Was there a taxable transfer as defined in section 270 of the Tax Law? The State Tax Commission has so held. Claimant has paid the tax in the amount of $4,564.05 and here seeks to recover that amount.

The voting trust agreement recited in its preamble: " WHEREAS, it is further deemed by the parties hereto that the execution of this Agreement is in the best interests of the Corporation, its creditors and stockholders, intending to effect a continuity of management and control over the Corporation and its assets and intending to secure a management and operation or disposition of said assets to the best advantage of the creditors and stockholders of the Corporation " and this agreement was predicated upon a circular sent to the bondholders which recited as follows: " It is vitally important that a continuity of management be afforded, particularly as the holders of the Certificates of Interest now deposited under the Deposit Agreement are widely scattered and the number of individual holders who have now deposited exceeds 3,800."

The Attorney-General asserts that the original bondholders were the persons beneficially interested, that the issuance of the stock to the voting trustees was solely for the purpose of clothing them with the authority to manage the building and that, consequently, there was in effect an original issue of the stock to the bondholders and an implied transfer by them to the voting trustees.

In our opinion this position is well taken and the tax was properly imposed and collected. The transaction was characterized by one of the alternatives named in the applicable section of the Tax Law.* (*Browne* v. *Case, Pomeroy & Co.,* 293 N. Y. 566, 573.) While the original bondholders at no time yielded their beneficial interests they did relinquish to the voting trustees the title, possession and use of their shares of stock for the purpose of management and control of the corporation. This

---

* Section 270 provides in part: " 1. There is hereby imposed and shall immediately accrue and be collected a tax, as herein provided, on ❋ ❋ ❋ all deliveries or transfers of shares or certificates of stock ❋ ❋ ❋ whether investing the holder with the beneficial interest in or legal title to said stock, or other certificates taxable hereunder, or merely with the possession or use thereof for any purpose, or to secure the future payment of money, or the future transfer of any such stock, or certificates." — [REP.

was not done by operation of law as in the case of *Electric Bond & Share Co.* v. *State of New York* (249 App. Div. 371, affd. 274 N. Y. 625), and kindred authorities, but voluntarily.

For these reasons the claim must be dismissed.   Decision accordingly.